[DO NOT PUBLISH]

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13743

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALEXANDER LESZCZYNSKI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00371-JSM-AAS-1

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Alexander Leszczynski appeals his total sentence of 210 months' imprisonment imposed after he entered an open plea of guilty to murder-for-hire in violation of 18 U.S.C. § 1958(a) and obstruction of justice in violation of 18 U.S.C. § 1503(a).  He argues that the district court plainly erred in calculating his criminal history score for purposes of the sentencing guidelines by including in the calculation his prior sentences for fraud in the Middle District of Florida (case number 8:22-cr155-MSS-SPF) because those offenses were part of his current offense conduct.[1]

We held this case in abeyance pending the resolution of Leszczynski's separate appeal of those prior fraud convictions.  We ultimately vacated the fraud convictions, concluding that the district court erred as a matter of law in denying Leszczynski's motion to withdraw his guilty plea in that case.  *United States v. Leszczynski*, case no. 23-13335, 2024 WL 3103305, at *3 (11th Cir. June 24, 2024).  As a result, we agree that Leszczynski's guideline range in the present case must be recalculated.  *See* U.S.S.G. § 4A1.2, cmt. (n.6) (2023) (stating that "[s]entences resulting from convictions that . . . have been reversed or vacated because of

---

[1] The fraud convictions resulted in a criminal history score of three and a criminal history category of II.  Without the fraud offenses, Leszczynski's criminal history score would have been zero, resulting in a lower criminal history category of I and a lesser guidelines range.

23-13743                Opinion of the Court                3

errors of law . . . are not to be counted"); *see also Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) (holding that for purposes of plain error review, "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error"). Accordingly, we vacate his sentence and remand for further proceedings.

**VACATED AND REMANDED.**